UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCANA OIL & GAS (USA), INC.,  )
  )
                Plaintiff,  )      Case No. 1:12-cv-369
  )
v.  )      Honorable Paul L. Maloney
  )
ZAREMBA FAMILY FARMS, INC., et al.,  )
  )      **MEMORANDUM OPINION**
                Defendants.  )
_____)

        This is a breach of contract action brought by an oil and gas company against parties to a letter of intent involving acquisition of mineral rights. Plaintiff has filed a heavily redacted complaint, along with a motion for leave to submit the complete complaint under seal. (docket # 2). Plaintiff seeks to justify this relief on two grounds. First, the letter of intent itself provides that the negotiations between the parties and the terms of the letter will be "maintained as confidential" and not disclosed to third parties absent express written consent of the other party. (LOI, ¶ 10). Second, plaintiff asserts, but does not attempt to prove, that filing the complaint is necessary to protect plaintiff, as public disclosure of the terms of the negotiation "could likely harm Encana's competitive standing with respect to its oil and gas operations." (Brief at p. 3, docket # 3). Chief Judge Paul Maloney has referred to me plaintiff's motion to seal its complaint. 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, I find that plaintiff's request is not meritorious. The motion will therefore be denied.

Judicial records are presumptively open to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The strong presumption of public access to court materials fosters confidence in the judicial system by assuring that courts are operating fairly and in a transparent fashion and that disputes presented to the courts are open to public scrutiny. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983). This presumption, with roots both in the First Amendment and the common law, applies to pleadings, motions for summary judgment, and other documents that bear on the merits of a controversy. By contrast, no presumption of access applies to discovery materials, which have traditionally been exchanged in private between the parties and have not been open to public inspection. *See, e.g., Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 578-80 (4th Cir. 2004) (distinguishing between court files relating to the merits of a controversy and pretrial discovery). For this reason, the Local Rules of this court contain the following admonition: "The Court strongly resists the sealing of entire civil pleadings, motions or briefs, as it is rare that the entire document will merit confidential treatment." W.D. MICH. LCIVR 10.6(a).

As explained by the Sixth Circuit in *Brown & Williamson*, the presumption of access to court records may be overcome by the need to keep order and dignity in the courtroom or by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated. 710 F.2d at 1179. Sealing court records, however, is deemed a drastic step, which must be justified by "the most compelling reasons." *See In re Knoxville News - Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The public has a strong interest in obtaining the information contained in the court record," including the determination of the evidence upon which the court relied in reaching its decision. *Brown &*

*Williamson*, 710 F.2d at 1180-81. Ultimately, the trial court has discretion to seal its records "when interests of privacy outweigh the public's right to know." *In re Knoxville News - Sentinel*, 723 F.2d at 474; *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 598.

Although the presumption of public access to court records is not absolute, overcoming the presumption must be based on more than the "natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Brown & Williamson*, 710 F.2d at 1180. Thus, the party seeking to seal court records bears the burden of showing that divulging the records would reveal legitimate trade secrets or other truly confidential information. *Id.*

Plaintiff in the present case has not come close to meeting its substantial burden to overcome the presumption of access to judicial records. The mere fact that plaintiff and defendants have agreed to maintain their negotiations in confidence is of little moment. The Sixth Circuit has pointedly admonished that the sealing of court papers requires a showing of good cause and that the court may not abdicate its role in this regard to an agreement of the parties. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *accord, Brown & Williamson*, 710 F.2d at 1180. Moreover, plaintiff has not justified sealing the complaint by a demonstration that such a drastic step is necessary to protect plaintiff's trade secrets or other legitimate competitive interests. Plaintiff asserts, but does not try to prove, that publishing the allegations in the complaint would somehow work a competitive disadvantage upon plaintiff's business interests. In this regard, plaintiff's assertion that the redactions from its complaint are "narrowly tailored" to preserve confidentiality is utter hyperbole. Plaintiff's counsel has redacted everything of substance from the complaint. A member of the public reading the complaint would know only who the parties are and

that the dispute involves some sort of contract. The court cannot endorse this extravagant approach to sealing presumptively public records.

If plaintiff's assertions were accepted, the court would be faced with sealing most of the record in this case. If the very nature of the dispute and the details of plaintiff's controversy with defendants are somehow secret, then the answer, other pleadings, dispositive motions and briefs, and the evidence supporting them would presumably also be accorded confidential treatment. This approach to civil litigation is unprecedented. Although rare cases (such as those involving the interests of innocent minor parties) might require such treatment, a garden-variety breach of contract case involving oil and gas interests does not. The parties are privileged to negotiate in secret, but they must litigate in public. The Sixth Circuit has pointed out that the presumption of access to court proceedings finds its genesis in the founding principles of this country and a revulsion against secret judicial proceedings, such as those held in the Star Chamber and other prerogative courts. *Brown & Williamson*, 710 F.2d at 1177 n.6. While this court stands ready to enter appropriate orders based on an evidentiary showing that particular information is entitled to confidential treatment, plaintiff's attempt to throw a veil of secrecy over this entire case cannot be accepted by a court operating in a free society.

Plaintiff's motion to seal the complaint will therefore be denied.

Dated: April 19, 2012    /s/ Joseph G. Scoville
                                            United States Magistrate Judge