UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ENCANA OIL & GAS (USA), INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-369 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ZAREMBA FAMILY FARMS, INC., | ) | |
| et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed two motions under Rule 12 of the Federal Rules of Civil Procedure. The first is a motion for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). By this motion, plaintiff seeks a ruling that defendants have not alleged a valid defense to plaintiff's claim for return of $1.8 million in earnest money paid pursuant to a letter of intent. The second motion is a motion to dismiss the amended counterclaim under Fed. R. Civ. P. 12(b)(6). This motion argues that defendants' counterclaim fails to state a claim upon which relief can be granted under the federal antitrust laws or under state law for breach of contract, tortious interference, fraud, or promissory estoppel. Plaintiff's Rule 12 motions were filed on December 7, 2012. The case management order, filed shortly after plaintiff's Rule 12 motions, granted defendants until January 22, 2013, in which to file their briefs in response to plaintiff's motion. (Case Management Order, ¶ 5(b), docket # 52). This represented a two-week extension of time over the period regularly allowed by Local Rule for response to dispositive motions. W.D. MICH. LCIVR 7.2(c).

Six days before their response was due, defendants filed an "emergency motion" for extension of time to respond to plaintiff's Rule 12 motions. The only ground for relief advanced by defendants is that plaintiff has failed to produce requested documents necessary to frame a response to the pending Rule 12 motions. Defendants' motion for extension of time is based on a serious misunderstanding of the nature of motions brought under Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure. The federal courts unanimously hold that "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1356 at 354 (3d ed. 2004). The task of the court is to determine the facial sufficiency of the complaint, which generally requires acceptance of plaintiff's factual allegations, and all reasonable inferences, as true. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "An assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Rondigo LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A motion for judgment on the pleadings brought under Rule 12(c) is decided under the same standard as apply to motions under Rule 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012); *Roger Miller Music, Inc. v. Sony/ATV Pub., LLC*, 477 F.3d 383, 389 (6th Cir. 2007).

Defendants' desire to rely on documents to be produced in discovery is therefore irrelevant to a motion under either Rule 12(b)(6) or Rule 12(c). A party's "wish to pursue discovery in order to find evidence to support his complaint does not relieve him of the obligation to plead sufficient facts to support a claim upon which relief may be granted." *Siddock v. Grand Trunk*

*Western RR, Inc.*, 556 F. Supp. 2d 731, 737 (W.D. Mich. 2008) (Maloney, C.J.). The Sixth Circuit has rejected a similar argument, remarking that the very purpose of a motion under Rule 12(b)(6) "'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 739, 748 (9th Cir. 1987)). Defendants' task at this point is to persuade the court that their answer alleges a cognizable defense against plaintiff's claim for refund of its $1.8 million earnest money deposit and, further, to demonstrate that the allegations of its counterclaim state a cognizable claim under the federal antitrust laws and under state tort law under the standards enunciated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Whether defendants can support their claims with proof through the discovery process is irrelevant at the pleadings stage.

        Defendants mistakenly rely on the provisions of Fed. R. Civ. P. 12(d), which apply only in cases where the court has elected to treat a motion brought under Rule 12(b)(6) or 12(c) as a summary judgment motion, because the moving party has relied on matters outside the pleadings. Plaintiff has not relied on extrinsic matters and, more importantly, the court has not given notice of an election to treat plaintiff's Rule 12 motions as motions for summary judgment. Rule 12(d) does not empower a responding party to unilaterally convert a Rule 12 motion by attempting to inject factual material into the record. Defendants have not cited any case in which the courts have allowed a party responding to a proper Rule 12(b)(6) or 12(c) motion to rely on unpleaded facts disclosed in discovery documents.

        In short, plaintiff's request for yet another extension of time to respond to plaintiff's Rule 12 motions is based on the false assumption that plaintiff's discovery responses will somehow

be relevant to the court's decision.  Defendants' motion for extension of time is unsupported in law and must be rejected.

Finally, the court feels compelled to comment on the tendency of both counsel to ignore the rules of this court.  Defendants filed a reply brief in support of their motion for extension of time, without first seeking leave of court.  This violated W.D. Mich. LCivR 7.3(c), which attempts to avoid unnecessary expense and delay with regard to nondispositive motions.  Plaintiff's counsel, for his part, has sent a fax to the court, complaining about certain factual statements in defendants' reply brief and asking for the court's "guidance" concerning perceived procedural irregularities in defendants' recently filed discovery motion.  The Local Rules forbid "letter briefs," W.D. MICH. LCIVR 7.1(a), as well as facsimile filings.  W.D. MICH. LCIVR 5.7(k).  If plaintiff seeks relief, it should file an appropriate motion or objection.  The facsimile letter will be ignored.  Federal court litigation is not a free-for-all.  Lawyers are expected to follow the rules.  Future infractions by either attorney will be sanctioned.


Dated:   January 22, 2013                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge