UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ENCANA OIL & GAS (USA), INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-369 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| ZAREMBA FAMILY FARMS, INC., et al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This matter is again before the court with regard to the imaging of the hard drive of a laptop computer belonging to nonparty SRW, Inc. and the production of subpoenaed documents extracted from that hard drive. By order entered February 3, 2014 (docket # 232), the court determined that the disposition of the contents of the computer was in the control of SRW, Inc., the owner of the laptop computer. The court found that defendants have no standing to object to plaintiff's subpoena to SRW on grounds of relevance. The court did find, however, that defendants had standing to object to the production of computer files that embody attorney-client privilege material or work-product material found in the computer as a result of its use by Steve Dzierwa, an employee of SRW who is acting as defendants' consulting expert. The court ordered production of the computer, subject to certain safeguards designed to protect privileged, confidential, or immune information belonging to either defendants or Mr. Dzierwa.

The matter was next before the court on February 14, 2014, for a hearing on plaintiff's motion for sanctions and on defendants' objections to a proposed stipulation between plaintiff and

SRW concerning handling of information extracted from the laptop computer. As a result of that hearing, the court entered an order (docket # 260) sanctioning defense counsel for Mr. Dzierwa's failure to surrender the laptop computer as required by the court's previous order. On the same day, the court filed a notice of intent to enter an order concerning disposition of the files extracted from the laptop computer. (Notice & Proposed Order, docket # 262). The proposed order was designed to take the place of the stipulation tendered by plaintiff and SRW and to implement further safeguards as requested by defendants in their objections. The notice allowed any party to file objections to the proposed order by February 19, 2014.

On February 18, 2014, defendants filed an objection to the proposed order (docket # 263) asserting that any responsive document found on the laptop computer dated after April 16, 2012, should not be produced to the parties. On February 19, 2014, plaintiff replied to defendants' objection and asserted objections of its own. (docket # 265). Plaintiff accompanied its objections with a proposed order. On February 20, 2014, the court issued a notice of its intent to enter plaintiff's proposed order unless any party objected by 1:00 p.m. on February 21, 2014. To no one's surprise, defense counsel filed an objection to the order proposed by plaintiff. (docket # 267).

The court has reviewed the objections and counter-objections filed by the parties. This memorandum opinion sets forth the court's disposition of those objections and the reasons for entry of the order of even date.

**A.    Defendants' Objection (docket # 263)**

Defendants' first objection involves the provisions of paragraph D of the court's proposed order. That paragraph required that the forensic expert remove from the list of privileged

documents any document created after April 16, 2012, the date the complaint was filed. Defendants object, asserting that the court's proposed language represents a clerical mistake and that all documents of whatever kind dated after April 16, 2012, should be removed from production. This objection was reasserted in defendants' second objection. (docket # 267 at 3-4). Defendants' objections are overruled. The transcript of the hearing of February 14, 2014, clearly demonstrates that the April 16, 2012 time cutoff applies only to documents withheld on a claim of privilege or work-product immunity. (Tr. at 32-38, docket # 264). The court was reacting to defense counsel's concern that plaintiff would receive a list of privileged documents generated after this case was filed. Defendants asserted that this would be unfair, because the parties had agreed that documents created after this suit was filed and withheld on a claim of privilege need not be logged. The court observed that it is reasonable for counsel to agree not to log privileged documents created after a case is filed, as it is burdensome to both sides. The provisions of paragraph D were designed to respect this concern voiced by defense counsel.

The court never stated or implied, however, that relevant, nonprivileged documents should not be produced. Defendants' objection, if accepted, would result in exclusion from production of nonprivileged materials merely because they post-date the complaint. As the court has already found, defendants have no standing to object to the production by SRW, the owner of the computer, of any document on the ground of relevance. Defendants have advanced no reason why documents created after April 16, 2012, and not subject to any claim of privilege, should be withheld from production in response to plaintiff's subpoena. Defendants' objection (docket # 263) is therefore denied.

B.    **Plaintiff's Objections and Proposed Modifications (docket # 265)**

Plaintiff has requested a clarification of the language of the proposed order to describe accurately the spreadsheets already created by Mr. Matthews (the forensic expert), which have been provided to defense counsel. The language in the proposed order was based on the representations of plaintiff's counsel at the February 14 hearing. Admittedly, plaintiff's counsel had never seen the spreadsheets and therefore can be forgiven for describing them inaccurately. After Mr. Matthews reviewed the proposed order, plaintiff suggested that the language of the order be clarified, to reflect that Mr. Matthews had provided defense counsel with not one spreadsheet, but three. Defense counsel does not seem to object to this proposed clarification, and it appears to be appropriate to the court. Paragraph B(6) has therefore been amended as requested by plaintiff, and other provisions of the order have been amended to reflect the existence of three initial spreadsheets.

All previous proposals (whether in the form of proposed stipulations or proposed orders) have required the forensic expert to exclude communications in which certain identified persons are senders, recipients, or are mentioned. This method was used as a proxy to identify probable attorney-client material or work product. Plaintiff's objection and proposed order asserts, for the first time, that documents thus identified should be deemed only potentially privileged and that defendants should be required to review such documents and confirm whether they are indeed subject to withholding on a claim of privilege or immunity. This proposal represents a substantial change in plaintiff's position. The court's original proposed order was modeled on stipulations between plaintiff and SRW, prepared by plaintiff's counsel. It is too late in the day for plaintiff to add further requirements to the protocol that plaintiff itself proposed and that the court adopted. The only matter before the court is the settling of an order reflecting the court's previous rulings. It is

too late to insert new matter. Plaintiff's objection and proposed language in this regard will therefore be overruled.

    **C.    Defendants' Second Objection (docket # 267)**

Defendants object to plaintiff's belated proposal, which would have imposed on defense counsel the obligation to review documents excluded from production by the expert pursuant to paragraph C(3), (4) and (5) of the order. For the reasons set forth in section B. above, defendants' objection is sustained.

Defendants repeat their contention that all documents created after April 16, 2012, should be excluded from production. For the reasons set forth in paragraph A above, this objection is overruled.

Finally, defendants seek a seven-day extension of the time in which they must notify the expert concerning documents for which defendants assert a claim of attorney-client privilege or work-product immunity and must supplement their privilege log accordingly. The court finds good cause for the relief requested. Paragraph C of the order will therefore be amended to reflect the modified date of February 28, 2014.

In summary, defendants' objection (docket # 262) is overruled, plaintiff's objection (docket # 265) is sustained in part and overruled in part, and defendant's second objection (docket # 266) is sustained in part and overruled in part.

Dated: February 21, 2014          /s/ Joseph G. Scoville
                                          United States Magistrate Judge